Fuld, J. (dissenting).
I cannot agree with the decision now being made; in my view, it nullifies the provisions of subdivision 2 of section 41 of the Civil Service Law and actually sanctions the ‘ ‘ undesirable situation”, which the Legislature sought to correct, of ‘£ covering-in ’ ’ persons holding exempt jobs 1 £ through the ‘ back door ’ device of reclassification ” (Report of Temporary State Commission on Revision of Civil Service Law, referred to as Preller Commission [N. Y. Legis. Doc., 1953, No. 72], pp. 56-57).
*257 The statute in substance provides that, when a position in the exempt class becomes vacant, the Civil Service Commission having jurisdiction shall study and evaluate the position and, within four months of the occurrence of the vacancy, determine whether such position is properly classified in the exempt class (L. 1958, ch. 790, eff. April 1, 1959). And, the subdivision goes on to declare, “ Pending such determination, said position shall not be filled, except on a temporary basis ”. (Italics supplied.)
Following the petitioner’s removal from his exempt position in July of 1959, the position was immediately filled by an appointment, pursuant to the provision of the statute, on a temporary basis. The State Civil Service Commission then conducted a study of the position and by resolution adopted in October, 1959 declared that it should be in the competitive class. And, then, instead of waiting for the Governor to act on the resolution (Civil Service Law, § 6, subd. 1) or of making provision for a competitive examination to fill the position, the Civil Service Department permitted it to be filled on a permanent basis as an exempt position. About three months later, the position was officially reclassified as competitive — by the Governor’s approval of the commission’s resolution — and the recently appointed incumbent was frozen into competitive status without examination.
The petitioner, an employee who would be eligible to take an examination for the reclassified position if one were given, brings this proceeding to compel compliance with the statute’s requirements. More specifically, he seeks (1) a declaration that the appointment was on a “ temporary basis ” and (2) a direction that appropriate examinations be held, as required by law, for the reclassified position. The courts below have held against him, and he is before us by permission of the Appellate Division.
The 1958 enactment of subdivision 2 of section 41 was unquestionably designed to prevent a person from being granted competitive class status upon reclassification of the exempt position which he held. This is made clear beyond dispute by the Preller Commission, the body set up by the Legislature to recodify the Civil Service Law. In the course of its report recommending a bill which subsequently became subdivision 2 of section 41, the commission pointed out that the proposed amendment would ‘1 correct an undesirable situation, which permits persons to *258 gain competitive class status through the ‘ back door ’ device of reclassification” (Report of Temporary State Commission on Revision of Civil Service Law [N. Y. Legis. Doc., 1953, No. 72], pp. 56-57).
As I have already indicated, the procedures adopted in this case whereby an exempt position was filled on a permanent basis not only violates the letter and spirit of the statute but nullifies its provisions. In opposition, it is urged that subdivision 2 is to be differently interpreted, that the word “ determination ” contained therein should be read to denote the Civil Service Commission’s “ resolution ”, declaring that a position be reclassified, rather than the actual legally effective ‘ ‘ determination ’ ’ which follows approval by the Governor and filing with the Secretary of State (Civil Service Law, § 6, subd. 1).
It is conceivable, I suppose, for one to read the statute in this excessively literal fashion but it is highly unreasonable to imagine that the Legislature could have intended any such construction. The commission’s resolution has no legal effect whatsoever until approved by the Governor. Consequently, when the Legislature provided that the exempt position was not to be filled except on a temporary basis pending the “ determination ”, it must have meant such a “ determination ” as would render the commission’s action effective. Otherwise, the amendment accomplished nothing: filling the exempt position on a permanent basis after the commission adopts its resolution but before the Governor may even have an opportunity to act on it will permit the very “ covering-in ” which the Legislature sought to eliminate.
In short, to approve the procedures adopted by the defendants in this case reads out of subdivision 2 of section 41 its explicit direction that the exempt position shall be filled only "on a temporary basis ” and defeats the very aim and purpose of the statute.
I would reverse the order appealed from and grant the relief requested in the petition.
Judges Van Voorhis, Btjrke, Foster and Soileppi concur with Judge Dye; Judge Full dissents in an opinion in which Chief Judge Desmond concurs.
Order affirmed.